■ GREENMAN-PEDERSEN, INC., et al., Appellants, v BERRYMAN & HENIGAR, INC., et al., Respondents. [920 NYS2d 667]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 6, 2010, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint's first cause of action alleging fraud, unanimously reversed, on the law, with costs, and the motion denied.

The motion court erred by dismissing the claim sounding in fraud, as it was independent of the breach of contract claim (*see Freedman v Pearlman*, 271 AD2d 301, 304 [2000]; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291-292 [1999]). At this early stage, it cannot be said, as a matter of law, that defendants did not have a duty to disclose such matters as the alleged adverse contract information and information about their pre-closing billing practices. The facts, as they develop, may demonstrate that defendants had a duty to speak regarding the above matters due to their superior knowledge of those facts (*see DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 444-445 [2010]; *P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373 [2003]; *Swersky v Dreyer & Traub*, 219 AD2d 321 [1996]). Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.